UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SURCOREY DEMONTRE ODUMS** | **CIVIL ACTION NO. 5:14-cv-3234** |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **J. CURTIS AND WILLIE SHAW** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Surcorey Demontre Odums, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 10, 2014. Plaintiff is a detainee in the custody of the Caddo Parish Sheriff. He is incarcerated at the Caddo Corrections Center (CCC) and awaits trial on second degree murder charges. He claims that he was falsely arrested and imprisoned and seeks monetary damages from J. Curtis, the arresting officer, and Willie Shaw, Shreveport's Chief of Police. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

Plaintiff was incarcerated in the DeSoto Parish Jail from April 21 – June 27, 2013. On June 27, 2013, plaintiff was interrogated by the Shreveport Police with regard to a homicide. On June 28, 2013, plaintiff was booked into the CCC on a charge of Second Degree Murder. According to plaintiff, there was no warrant and no probable cause to take him into custody. Further, he claims that he was not taken before a magistrate within 48 hours of his arrest as required by Louisiana law.  Bail was set; however, plaintiff claims that it is excessive.  Plaintiff

claims wrongful arrest and false imprisonment and he prays for money damages.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Limitations*

Plaintiff claims that he was falsely arrested and imprisoned on June 28, 2013. The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256
2

(5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

  The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff's false arrest and imprisonment claims thus probably accrued within hours of his arrest. *See Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued when a magistrate judge found probable cause to detain Villegas pending trial.")

Plaintiff claims that he was arrested without a warrant, and that there has never been a determination of probable cause. However, it is more likely than not that such a determination was made within hours of plaintiff's arrest and therefore his false arrest and imprisonment claim is likely prescribed. Nevertheless, since such evidence is lacking, dismissal on that basis is probably not advisable.

### 3. *Heck/Wallace v. Kato* Considerations

Plaintiff has been charged with second degree murder. Plaintiff awaits trial on this charge and claims that he is not guilty. If plaintiff is ultimately convicted of the offense, he will not be entitled to seek compensatory damages for his wrongful arrest and false imprisonment claims until such time as the conviction has been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. On the other hand, since the criminal prosecution remains pending, *Heck* does not yet apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to

pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

Thus, in accordance with the principals announced in *Heck v. Humphrey* and *Wallace v. Kato*, plaintiff's wrongful arrest and false imprisonment claims must be stayed pending the results of the on-going criminal prosecution.

### *Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED THAT t**his action – insofar as it seeks monetary damages for wrongful arrest, imprisonment and prosecution – be **STAYED** under the following conditions:

> a. If plaintiff intends to proceed with his claims, within thirty (30) days of the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay;
>
> b. If the stay is lifted and the court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit, such as prescription. See *Wallace*, 127 S.Ct. at 1098; and,
>
> c. In light of the stay, plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings have concluded; and,

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and


recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 13, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE